IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRYAN SIMS,

    Defendant.                       No. 11-cr-30219-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before the Court is defendant Bryan Sims', motion to correct (Doc. 27). Specifically, defendant alleges that there was a mathematical error in the sentencing range contained in his plea agreement. He also alleges that his name is actually spelled with a "y", and not an "i". For the reasons stated below, the motion is denied.

First, the Court notes that a plea agreement is not controlling as it is a non-binding document on the Court, it provides as much and the defendant was carefully advised of such during his plea. As such, the plea agreement terms are not controlling and the Court was free to accept or reject them at the time of sentencing. Defendant acknowledged his understanding of this in his plea agreement by virtue of his accepting and signing the plea agreement (Doc. 5, pg. 6-7). Specifically, the plea agreement states that "the Court ultimately will determine the guideline range after receiving the Presentence Report and giving both parties

the opportunity to comment thereon." (*Id.*). Further, defendant's presence investigation report correctly calculated defendant's total offense level to be 34 (Doc. 15), the Court agreed with and accepted those findings and, in fact, the defendant did not object to those findings at sentencing. Thus, to reiterate, the operative terms and applicable calculations are those made at sentencing (Doc. 20).

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations. Defendant's motion is clearly untimely, given that judgment was entered on April 23, 2012, and his meritless allegations very clearly do not qualify as newly discovered evidence. Because the Court finds that defendant's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

As for the incorrect spelling of defendant's name, the time to complain about said error was prior to judgment being entered against him. Defendant knew that his name was spelled incorrectly prior to judgment being entered, and he should have moved to correct the spelling of his name prior to that time. Given that judgment was entered against defendant on April 23, 2012, it is clear that too much time has passed. Thus defendant's request is untimely.

Accordingly, the Court **DISMISSES for want of jurisdiction** defendant's motion to correct clerical error (Doc. 27).

**IT IS SO ORDERED.**

Judge Herndon
2017.09.29
17:59:14 -05'00'

**United States District Judge**